UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11632 DPW

EDWARDS & ANGELL, LLP,
    Plaintiff,

Vs.

HISTATEK, LLC and
HISTATEK, INC.,
    Defendants.

MAGISTRATE JUDGE _____

Civil Action No.

RECEIPT # 57484
AMOUNT $ 150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE ___

## COMPLAINT

### Parties

1. The plaintiff, Edwards & Angell, LLP, is, and at all times mentioned herein was, a limited liability partnership duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, having its principal place of business at 101 Federal Street, Boston, Massachusetts.

2. At all times mentioned herein, the plaintiff, Edwards & Angell, LLP, was, and now is, a limited liability partnership comprised of attorneys licensed to practice law in the Commonwealth of Massachusetts.

3. The defendant, Histatek, LLC, is, and at all times mentioned herein was, a limited liability company duly organized and existing under and by virtue of the laws of the State of

Washington, having its principal place of business at 10510 NE Northup Way, Kirkland, Washington.

4. The defendant, Histatek, LLC, is, and at all times mentioned herein was, engaged in the biotechnology, research and drug development business in the State of Washington and carried on all activities and business throughout the State of Washington and other states as was necessary or incidental to such biotechnology, research and drug development business.

5. The defendant, Histatek, LLC, is, and at all times mentioned herein was, authorized to transact business, and transacted business, in the Commonwealth of Massachusetts.

6. The defendant, Histatek, Inc., is, and at all times mentioned herein was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business at 4645 East Cotton Center Boulevard, Phoenix, Arizona.

7. The defendant, Histatek, Inc., is, and at all times mentioned herein was, engaged in the biotechnology, research and drug development business in the State of Arizona and carried on all activities and business throughout the State of Arizona and other states as was necessary or incidental to such biotechnology, research and drug development business.

8. The defendant, Histatek, Inc., is, and at all times mentioned herein was, authorized to transact business, and transacted business, in the Commonwealth of Massachusetts.

9. The plaintiff is informed and believes, and on the basis of that information and belief alleges, that in or around the year 2002, the defendant, Histatek, LLC, merged with the defendant, Histatek, Inc.

10. The plaintiff is informed and believes, and on the basis of that information and belief alleges, that the corporate identity and existence of the defendant, Histatek, Inc., with all of its purposes, powers and privileges, has continued unaffected and unimpaired by the merger and that the corporate identity and existence of the defendant, Histatek, LLC, with all of its purposes, powers and privileges has ceased and become merged with and into the defendant, Histatek, Inc.

11. The plaintiff is informed and believes, and on the basis of that information and belief alleges, that the defendant, Histatek, Inc., as the corporation surviving the merger of the two companies, is fully vested with all purposes, powers and privileges of the defendant, Histatek, LLC, and is fully charged with all existing obligations of the defendant, Histatek, LLC.

12. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. Every issue of law and fact in this action is wholly between the citizens of different states.

## COUNT I

### On an Account

13. The plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 12 above with the same force and effect as if fully set forth herein.

14. The defendants owe the plaintiff the sum of Three Hundred Fifty-Nine Thousand Five Hundred Eighty-Four and 25/100 ($359,584.25) Dollars according to the account annexed hereto and marked as Exhibit "A", together with interest thereon from March 1, 2004, on or before which date demand for payment was duly made.

**WHEREFORE**, the plaintiff demands judgment against the defendants for the sum of Three Hundred Fifty-Nine Thousand Five Hundred Eighty-Four and 25/100 ($359,584.25) Dollars, together with interest thereon and the costs and expenses of this action.

## COUNT II

### For Legal Services Rendered

15. The plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 12 above with the same force and effect as if fully set forth herein.

16. The defendants owe the plaintiff a balance of $359,584.25 for legal services rendered to the defendants and for costs and expenses advanced on the defendants' behalf by the plaintiff,

at the request of the defendants, between September 1, 2000 and February 29, 2004, together with interest thereon and the costs and expenses of this action.

**WHEREFORE**, the plaintiff demands judgment against the defendants for the sum of Three Hundred Fifty-Nine Thousand Five Hundred Eighty-Four and 25/100 ($359,584.25) Dollars, together with interest thereon and the costs and expenses of this action.

### COUNT III

### Oral Contract

17. The plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 12 above with the same force and effect as if fully set forth herein.

18. In or around August of 2000, the plaintiff entered into an oral agreement with the defendants whereby the plaintiff agreed to perform certain legal services for the defendants and to advance certain costs and expenses on behalf of the defendants in connection therewith.

19. The defendants employed the plaintiff to perform said legal services with full knowledge and understanding that all charges for the performance of said legal services would be based upon fixed and definite hourly rates.

20. In accordance with the above-mentioned oral agreement, between September 1, 2000 and February 29, 2004, the plaintiff performed legal work for and rendered legal services to the

defendants, as attorneys at law, and in the course of performing such legal services, advanced and disbursed various sums of money for and on behalf of and for the benefit of the defendants.

21. The plaintiff has fully performed all of the terms and conditions of the oral agreement on its part to be performed.

22. The defendants have neglected, failed and refused to pay the plaintiff any money due on their accounts for such legal services, costs and expenses, leaving a balance due and unpaid to the plaintiff in the amount of $359,584.25.

23. Written statements of account have been sent to the defendants indicating that the defendants owe the plaintiff a balance of $359,584.25 for legal services rendered to the defendants and for costs and expenses advanced on the defendants' behalf by the plaintiff between September 1, 2000 and February 29, 2004.

24. The plaintiff has demanded payment of said sum of $359,584.25 from the defendants, but the defendants have failed and refused, and still fail and refuse, to pay the same, or any part thereof.

25. The sum of $359,584.25 is justly due and owing from the defendants to the plaintiff, and no part of it has been paid.

**WHEREFORE**, the plaintiff demands judgment against the defendants for the sum of Three Hundred Fifty-Nine Thousand Five Hundred Eighty-Four and 25/100 ($359,584.25) Dollars, together with interest thereon and the costs and expenses of this action.

## COUNT IV

### Quantum Meruit

26. The plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 12 above with the same force and effect as if fully set forth herein.

27. Between September 1, 2000 and February 29, 2004, the plaintiff, at the special instance and request of the defendants, and for the defendants' use and benefit, performed certain legal services for the defendants.

28. In the course of performing such legal services for the defendants, the plaintiff advanced and disbursed various sums of money for and on behalf of and for the benefit of the defendants.

29. The defendants promised and agreed to pay the plaintiff for the legal services described above and to reimburse the plaintiff for all necessary costs, expenses and disbursements incurred in connection with such legal services.

30. The legal and professional services rendered by the plaintiff to the defendants between September 1, 2000 and February 29, 2004, at the special instance and request of the defendants, and the sums necessarily advanced and disbursed in behalf of the defendants in connection with said legal and professional services were and are reasonably worth the sum of $359,584.25.

31. The legal and professional services performed by the plaintiff for the defendants were duly approved and accepted by the defendants.

32. The defendants owe the plaintiff a balance of $359,584.25 for the legal services rendered to the defendants and for costs and expenses advanced on the defendants' behalf by the plaintiff between September 1, 2000 and February 29, 2004.

33. The sum of $359,584.25 is now past due and payable, and no part of said sum has been paid by the defendants, or either of them, although the plaintiff has demanded payment from the defendants.

**WHEREFORE**, the plaintiff demands judgment against the defendants for the sum of Three Hundred Fifty-Nine Thousand Five Hundred Eighty-Four and 25/100 ($359,584.25) Dollars, together with interest thereon and the costs and expenses of this action.

## COUNT V

### Violation of M.G.L. c.93A, §11

34. The plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 12, Paragraph 14 of Count I, Paragraph 16 of Count II, Paragraphs 18-25 inclusive of Count III and Paragraphs 27 through 33 inclusive of Count IV with the same force and effect as if fully set forth herein.

35. The defendants made various representations to the plaintiff, including, but not limited to, representations that they were willing to perform their contracts with the plaintiff.

36. The defendants knew, or should have known, that the representations made by them were false.

37. The defendants made these representations to the plaintiff regarding their willingness to perform the contracts with the intention of inducing the plaintiff to provide considerable amounts of time, energy and legal services to the defendants. In reliance upon the defendants' representations to the plaintiff, the plaintiff did provide considerable amounts of time, energy and legal services to the defendants.

38. The defendants misled the plaintiff into believing that the defendants would perform the contracts, while the plaintiff changed position and gave up other possibilities to obtain performance.

39. The defendants have failed and refused and still fail and refuse to pay the balance due for the legal services provided by the plaintiff to the defendants, or for the costs and expenses advanced by the plaintiff on the defendants' behalf.

40. Upon information and belief, the defendants requested the subject legal services from the plaintiff and thereby induced the plaintiff to perform legal work for the defendants, all the while never intending to pay the plaintiff in full for those legal services.

41. The defendants have engaged in intentional breaches of contract which were meant to gain, without paying for it, the ongoing benefit of the plaintiff's earlier performance and which were designed to appropriate to the defendants the ongoing benefit of the plaintiff's earlier performance.

42. As a result of the actions of the defendants complained of above, the plaintiff has suffered injury and damage.

43. At all times mentioned herein, the defendants were engaged in a trade or commerce.

44. In the course of the transactions herein described, the defendants have engaged in false, misleading and deceptive acts or practices in the conduct of a trade or commerce.

45. Upon information and belief, the defendants engaged in the conduct herein described willfully and knowingly.

46. The acts and conduct of the defendants herein described violate the Massachusetts Consumer Protection Act, Massachusetts General Laws, Chapter 93A, Section 2(a), which provides, in relevant part, that:

> *...unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.*

47. The plaintiff is a person who engages in the conduct of a trade or commerce and who suffered loss of money as a result of the use or employment by the defendants, who engage in trade or commerce, of unfair or deceptive acts or practices declared unlawful by Massachusetts General Laws, Chapter 93A, Section 2.

**WHEREFORE**, the plaintiff demands judgment against the defendants as follows:

1. For judgment against the defendants and in favor of the plaintiff in the amount of actual damages of Three Hundred Fifty-Nine Thousand Five Hundred Eighty-Four and 25/100 ($359,584.25) Dollars, together with interest thereon and the costs and expenses of this action.

2. For judgment against the defendants and in favor of the plaintiff in treble the amount of the plaintiff's actual damages, pursuant to G.L. c.93A, §11.

3. That the plaintiff be awarded it reasonable attorney's fees incurred herein, pursuant to G.L. c.93A, §11.

4. That the plaintiff be awarded it costs and expenses incurred herein, pursuant to G.L. c.93A, §11.

5. That the plaintiff be awarded such other and further relief as this Court may deem just and proper.

Dated: July 7, 2004

                                      EDWARDS & ANGELL, LLP

                                      By it's Attorney,

                                      Mark David Modest
                                      188 Oaks Road
                                      Framingham, MA 01702
                                      (508) 820-4333
                                      BBO# 350280

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Edwards & Angell vs. Histatek__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

              *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    **None**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]  NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES [ ]  NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]  NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [X]  NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [X]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES [ ]  NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Mark David Modest__

ADDRESS __188 Oaks Road, Framingham, MA 01702__

TELEPHONE NO. __(508) 820-4333__

(Coversheetlocal.wpd - 10/17/02)

☙JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Edwards & Angell, LLP

### DEFENDANTS
Histatek, LLC and Histatek, Inc.

*FILED 2004 JUL 22 A 11:18 [stamp]*

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **King**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark David Modest, Esquire
188 Oaks Road
Framingham, MA 01702
(508) 820-4333

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332  This is an action for recovery of compensation for legal services rendered to and costs advanced on behalf of defendants.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
NONE.

JUDGE _____
DOCKET NUMBER _____

DATE: July 7, 2004

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____